IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOE WAYNE McDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-002 |
| | ) | |
| STAN SHEPARD, Warden, and | ) | |
| BETTY McDOWELL, | ) | |
| Unit Manager of 14 Area, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Joe Wayne McDowell, an inmate at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 8, 2015, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). The Court cautioned Plaintiff that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.)

Plaintiff responded with a letter to the Clerk of Court complaining that prison officials would not return the Trust Fund Account Statement he provided to them. (See doc. no. 4.) He did not explain why he had not returned the Consent to Collection of Fees form, a document that requires no input from any prison official but only Plaintiff's signature agreeing to the terms for collecting installment payments for the $350.00 filing fee for this case. The Court again

explained to Plaintiff that he cannot proceed IFP unless he returned the forms required by the Court's January 8th Order and granted Plaintiff an extension of time until February 25, 2015 to comply with the Court's Order. (See doc. no. 5.) The Court also directed the Clerk to serve the Court's Order and another copy of the Prisoner Trust Fund Account Statement on Plaintiff's custodian. (Id. at 2.)

Prison officials timely returned the Trust Fund Account Statement, (doc. no. 6), but Plaintiff did not return his Consent to Collection of Fees form. Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319-21 (11th Cir. 2002) (citing 28 U.S.C. § 1915). The Court has twice warned Plaintiff that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. (See doc. nos. 3, 5.) As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA